IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Jaxon Reyes Chavez,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:22cv1261 (RDA/IDD) |
| | ) | |
| **Flex R.N., et al.,** | ) | |
|     **Defendants.** | ) | |

<u>MEMORANDUM and ORDER</u>

Jaxon Reyes Chavez, a Virginia inmate detained at the Nottoway Correctional Center, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. [Dkt. No. 1]. Plaintiff has also applied to proceed *in forma pauperis* ("*IFP*"), filed a motion to appoint counsel and seeks leave to file an amended complaint. [Dkt. Nos. 5, 10, 11]. Plaintiff has signed a consent to the collection of fees form and his institution of confinement has provided the necessary financial information. Because plaintiff is a prisoner, the Court must screen his complaint and amended complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A. For the reasons stated below, plaintiff's complaint and amended complaint fail to state a § 1983 claim, and he will be directed to provide more information in a particularized second amended complaint.

**I. IFP and Counsel**

Plaintiff's institution of confinement has submitted information on plaintiff's inmate account which reveals that, for the past six months, plaintiff had an average monthly deposit of $217.22, an average monthly balance of $116.27, and a balance of $78.50 at the time of inquiry. Dkt. No. 9. Plaintiff will therefore be required to pay a partial filing fee of $43.44, which is twenty percent (20%) of the greater of the average monthly deposits or balance for the six months preceding the filing of the underlying complaint. *See* 28 U.S.C. § 1915(b)(1). After submitting his

initial filing fee, plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This requirement shall continue until the full filing fee has been paid, even after this civil action is resolved or dismissed.

"A *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *See Whisenant*, 739 F.2d at 163. Here, as noted, Plaintiff has not stated a claim upon which relief can be granted and his motion will be denied without prejudice.

## II. Motion to Amend and Screening

The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). As there is no prejudice to the Defendants at this stage, the Court will grant the motion to file the amended complaint [Dkt. No. 11], which supersedes the original complaint and the Court will, therefore, screen the amended complaint.

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Complaint

The amended complaint names ten defendants and two incidents of alleged deliberate indifferences to medical needs. The first instance involves Defendant Bagley, the Food Service Director, and allegedly occurred on July 5, 2022 at Plaintiff's prison job in the kitchen. [Dkt. No. 11 at 6]. According to Plaintiff, corrosive cleaning agent came in contact with his left eye. Plaintiff had not been provided "required eye protection which had been requested," and there was no emergency eye wash station in the kitchen." [*Id.* at 15]. Plaintiff was taken to the medical unit and his eye was flushed, and then he was sent back to his housing unit. [*Id.* at 6]. Plaintiff filed an emergency grievance on July 6, 2022 because his eye was "infected and swollen closed." [*Id.* at

8]. Defendant Nurse Simms, RN, saw Plaintiff that same day, and determined Plaintiff's complaint about his eye did not constitute an emergency. He was seen the following day by Defendant Dr. York, who had him transported to Southside Regional Medical Center. Upon his return to Nottoway, Plaintiff was placed in quarantine. [*Id.* at 7, 8].

The second incident involved a fracture to the jaw Plaintiff suffered while playing soccer on June 27, 2022. He was seen by Defendant Dr. Wood on June 28, 2022 and referred to an oral surgeon at Lynchburg General Hospital who saw him on July 5, 2022. [*Id.* at 5-6]. He was originally scheduled to be checked in at the Lynchburg General Hospital on July 10, 2022 and have surgery on July 15, 2022. [*Id.* at 5, 8-9]. On July 14, 2022, a Nottoway "medical contractor" ordered Plaintiff returned to Nottoway before the scheduled surgery and Plaintiff was returned to quarantine. Plaintiff was re-evaluated by a "MCV doctor" Defendant Dr. Fawaz who determined that surgery was not needed. [*Id.* at 9]. Plaintiff was seen on August 1, 2022 at the Lynchburg General Hospital, and the doctor told him that due to him not having surgery on July 15, 2022, there was nothing that "could be done to repair his jaw." [*Id.* at 10].

### III. Deliberate Indifference

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint *must have had personal knowledge of and involvement in the alleged violations* of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010).

4

The allegations against Defendant Bagley do not establish personal knowledge of and involvement in the circumstances that led to the alleged injury, and the actions of the Defendant Nurse Simms do not establish deliberate indifference. At best, they might show Simms was negligent. *See, infra* at 5-7.

An Eighth Amendment claim for denial of medical care must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*, 429 U.S. at 106; *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Id.* at 851-52.

Further, deliberate indifference is a "higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle*, 429 U.S. at 106).

In addition, while delay of, or interference with, medical treatment can amount to deliberate indifference, *see Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), there is no Eighth Amendment violation

> unless "the delay results in some substantial harm to the patient," such as a "marked" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." *See Webb v. Hamidullah*, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis added); *see also Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

*Formica*, 739 F. App'x at 755. Substantial harm may also be "a life-long handicap or permanent loss." *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (citation omitted). "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Id.* at 758 (citation omitted).

Here, there is no allegation as to the nature of substantial harm regarding either the injury to Plaintiff's jaw or his left eye, if any. Regarding his jaw, Plaintiff's allegations establish only that on August 1, 2022 the doctor allegedly without explanation or context, said it could not be "repaired," after another doctor had determined Plaintiff's jaw did not need surgery. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1142 (10th Cir. 2005) (observing that "a medical difference of opinion ... is not actionable under the Eight Amendment"); *see, e.g., Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (finding that a mere difference of opinion between doctors is

6

insufficient to show deliberate indifference); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (physician who comes to different diagnosis is not deliberately indifferent to plaintiff). Further, the deliberate indifference standard "is not satisfied by ... mere disagreement concerning '[q]uestions of medical judgment,'" *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (quoting *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)), or mere negligence in diagnosis or treatment. *See Webb*, 281 F. App'x at 166 (4th Cir. 2008) ("Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference."). The amended complaint establishes that Plaintiff was seen by a doctor shortly after he injured his jaw; he was evaluated by an off-site doctor and evaluated by a second off-site doctor and a determination was made that he did not need surgery. While there may be a cause of action for malpractice, the allegations in the amended complaint do not establish that any of the named defendants were deliberately indifferent to Plaintiff's medical needs.

Similarly, there is no allegation of substantial injury to the left eye, which was treated almost immediately by medical personnel by flushing his eye. Defendant Nurse Simms saw Plaintiff that same day and determined his medical need was not an emergency. Plaintiff was seen the following day and transported off site for treatment. There are no further allegations. The amended complaint does not state a claim upon which relief can be granted. Because Plaintiff is a prisoner proceeding *pro se*, he will be allowed leave to amend and cure the deficiencies in his amended complaint.

The amended complaint shall separately number each claim that plaintiff is seeking to raise by letter or number. Each subsequent claim shall be designated by the appropriate letter or number,

7

and each claim shall identify the federal right he alleges has been violated. Thereafter, plaintiff will name the defendants associated with the claim, and provide the facts associated with the claim. In setting forth the specifics and facts of each claim, plaintiff should use defendants' names rather than a generic designation of "defendants," which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred.

In setting forth the facts in his amended complaint, plaintiff should refrain from presenting arguments, editorializing, and trying to be dramatic, all of which inhibit the ability to comprehend the nature of the claim plaintiff is attempting to present. If plaintiff wishes to argue case law or substantive matters, he is free to file a separate brief or memorandum in support. Plaintiff is expressly advised that the amended complaint supersedes the original complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

Accordingly, it is hereby

ORDERED that the motion to file an amended complaint [Dkt. No. 11] is GRANTED, and the amended complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is further

ORDERED that plaintiff's motion to appoint counsel [Dkt. No. 10] is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that plaintiff's application to proceed *in forma pauperis* [Dkt. No. 5] be and is GRANTED and plaintiff's complaint is deemed filed as of this date; and it is further

ORDERED that plaintiff's failure to leave twenty percent (20%) of his monthly deposits in his inmate account in accordance with the Consent Form constitutes cause for dismissal of this civil action; and it is further

ORDERED that plaintiff's correctional institution send to the Clerk an initial filing fee of $43.44, and thereafter submit twenty percent (20%) of plaintiff's preceding month's income any time his monthly account balance is at least $10.00 until the full $350.00 filing fee has been paid, and should plaintiff fail to keep twenty percent (20%) of his preceding month's income in his account, to complete the enclosed Report of Violation of the Consent Order and return it to this Court; and it is further

ORDERED that plaintiff particularize and amend his complaint in a second amended complaint within thirty (30) days of the date of this Order using the enclosed standardized § 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, (iv) and curing the deficiencies noted herein. Plaintiff must reallege all the facts from his amended complaint in this second amended complaint and he must include his civil action number, No. **1:22cv1161 (RDA/IDD)**, on the first page of his second amended complaint. Plaintiff is advised that this second amended complaint will serve as the sole complaint in this civil action; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred,

released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to plaintiff; and a copy of this Order, the signed Consent Form [Dkt. No. 7], and the Report of Violation of the Consent Order to plaintiff's correctional institution.

Entered this 12th day of June 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge